# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>    378 Main Street,<br>    Tucson, AZ 85701<br><br>        *Plaintiff,*<br><br>        v.<br><br>RYAN ZINKE, in his official capacity as<br>Secretary of the U.S. Department of Interior,<br>    1849 C Street NW<br>    Washington, DC 20240,<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>    1849 C Street NW<br>    Washington, DC 20240,<br><br>JIM KURTH, in his official capacity as<br>Deputy Director for Operations and Acting<br>Director of U.S. Fish and Wildlife Service,<br>    1849 C Street NW,<br>    Washington, DC 20240,<br><br>        and<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>    1849 C Street NW<br>    Washington, DC 20240,<br><br>        *Defendants.* | Case No.: 1:18-cv-1568<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.      In this civil action for declaratory and injunctive relief, the Center for Biological Diversity (Center) challenges the U.S. Fish and Wildlife Service's (Service) failure to comply with the nondiscretionary deadlines set forth in the Endangered Species Act (Act), 16 U.S.C. §§

1531–1544. Specifically, the Service failed to designate "critical habitat" for four species of freshwater mussels–the snuffbox (*Epioblasma triquetra*), rayed bean (*Villosa fabalis*), sheepnose (*Plethobasus cyphyus*), and spectaclecase (*Cumberlandia monodonta*) mussels–concurrently with its decisions to list the species as endangered, or within one additional year from the dates of proposed listing after making a "not determinable" finding. *Id.* § 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C). The mussels' very existence remains at risk until the Service fulfills its statutory duty to designate the critical habitats necessary to support survival and recovery.

2. Mussels are vital members of their ecosystems, filtering organic matter from the water column as they feed, thus serving as a purification system. Mussels also create mussel beds upon which a host of other aquatic species depend. North America has the highest biodiversity of mussel species in the world; however, about 70 percent of these mussel species are extinct or imperiled. Because mussels have the ability to withstand harsh temporary conditions, the fact that so many mussels are imperiled shows that there have been significant, long-term detrimental changes to mussel habitat.

3. On November 2, 2010, the Service published a proposed rule to list the snuffbox and rayed bean mussels as endangered throughout their ranges, but asserted that critical habitat was not determinable. 75 Fed. Reg. 67552, 67582 (Nov. 2, 2010). On February 14, 2012, the Service issued a final rule listing the snuffbox and rayed bean mussels as endangered under the Act, but did not designate critical habitat, maintaining that critical habitat was not determinable. 77 Fed. Reg. 8632, 8664 (Feb. 14, 2012). To date, the Service has not designated critical habitat for the snuffbox and rayed bean mussels.

4. The Service was statutorily required to designate critical habitat on or before November 2, 2012, or one additional year from the date of the proposed listing. However, the

Service did not designate critical habitat at that time and still has not done so. Consequently, the Service is in violation of the Endangered Species Act.

5. On January 19, 2011, the Service published a proposed rule to list the sheepnose and spectaclecase mussels as endangered throughout their ranges, but asserted that critical habitat was not determinable. 76 Fed. Reg. 3391, 3418 (Jan. 19, 2011). On March 13, 2012, the Service issued a final rule listing the sheepnose and spectaclecase mussels as endangered under the Act, but still did not designate critical habitat, maintaining that critical habitat was not determinable. 77 Fed. Reg. 14914, 14948 (Mar. 13, 2012). To date, the Service has not designated critical habitat for the snuffbox and rayed bean mussels.

6. The Service was statutorily required to designate critical habitat on or before January 11, 2013, or one additional year from the date of the proposed listing. However, the Service did not designate critical habitat at that time and still has not done so. Consequently, the Service is in violation of the Endangered Species Act.

7. This table details the critical habitat determination deadlines for each mussel:

|  | Service's proposed listing | Service's final listing | Not determinable listing deadline 16 U.S.C. § 1533(b)(6)(C)(ii) |
|---|---|---|---|
| Snuffbox mussel | 11/2/2010 | 2/14/2012 | 2/14/2013 |
| Rayed bean mussel | 11/2/2010 | 2/14/2012 | 2/14/2013 |
| Sheepnose mussel | 1/19/2011 | 3/13/2012 | 3/13/2013 |
| Spectaclecase mussel | 1/19/2011 | 3/13/2012 | 3/13/2013 |

8. Critical habitat provides important protection for imperiled species beyond that provided by listing alone. Pursuant to section 7(a)(2) of the Act, federal agencies must ensure

3

through consultation with the Service that any action they authorize, fund, or carry out will not "jeopardize the continued existence of any [listed] species." 16 U.S.C. § 1536(a)(2). For species with critical habitat, each federal agency must additionally guarantee that its actions will not "result in the destruction or adverse modification" of the critical habitat. *Id.* Species with critical habitat designations are twice as likely to be moving toward recovery as species without designated critical habitat.

9. To ensure that the Endangered Species Act can provide lifesaving protections for the snuffbox, rayed bean, sheepnose, and spectaclecase mussels, the Center brings this action for declaratory relief against Ryan Zinke, in his official capacity as Secretary of the Interior; United States Department of the Interior; Jim Kurth, in his official capacity as Deputy Director for Operations and Acting Director of the United States Fish and Wildlife Service; and the United States Fish and Wildlife Service to affirm that Defendants are in violation of the Endangered Species Act and Administrative Procedure Act (APA) for failing to timely designate critical habitat for the mussels. The Center also respectfully requests that this Court compel the Service to issue its final rules designating critical habitat to safeguard the habitats the mussels need to survive.

**JURISDICTION AND VENUE**

10. Plaintiff brings this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g), and the APA, 5 U.S.C. § 706.

11. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as a defendant), 16 U.S.C. § 1540(c) (actions arising under the Endangered Species Act), and 16 U.S.C. § 1540(g) (citizen suit provision of the Endangered Species Act), and 5 U.S.C. § 702 (Administrative Procedure Act).

4

12. The relief sought is authorized under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), 16 U.S.C. § 1540(g), and 5 U.S.C. § 702.

13. Plaintiff provided formal notice to Defendants of its intent to file suit under the Endangered Species Act on May 2, 2018, more than 60 days prior to filing this complaint, consistent with the Act's statutory requirements. *See Exhibit A*;16 U.S.C. § 1540(g)(2). Because Defendants have not remedied the legal violations outlined in the notice,[1] there exists an actual, justiciable controversy between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

14. Venue in this Court is proper in the United States District Court for the District of Columbia according to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because at least one of the Defendants resides in this judicial district.

## PARTIES

15. Plaintiff Center for Biological Diversity is a national, nonprofit conservation organization incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including Alaska, Arizona, California, Colorado, Florida, Hawai'i, Idaho, Minnesota, Nevada, New Mexico, New York, North Carolina, Oregon, Washington, and Washington, D.C., and in Mexico. The Center works through science, law, and policy to secure a future for all species, great and small, hovering on the brink of extinction. The Center has more than 63,000 active members across the country. The Center and its members are concerned with the conservation of imperiled species, including the snuffbox, rayed bean, sheepnose, and spectaclecase mussels, through effective implementation of the Endangered Species Act. The Center brings this action on behalf of itself and its members.

---

[1] On June 25, 2018, Plaintiffs received a letter from the Service acknowledging receipt of Plaintiffs' notice letter, but failing to detail specific plans to remedy the violations alleged therein. *Exhibit B*.

16. The Center's members include individuals with recreational, scientific, professional, aesthetic, spiritual, and ethical interests in the snuffbox, rayed bean, sheepnose, and spectaclecase mussels and their habitats.

17. Defendants' failure to comply with the Endangered Species Act's nondiscretionary deadline to designate critical habitat for the snuffbox, rayed bean, sheepnose, and spectaclecase mussels denies them vital protections that are necessary for their survival and recovery. Plaintiff's members are injured by Defendants' failure to timely designate critical habitat, which delays significant protections for the mussels and harms their survival and recovery. Until the Service protects the snuffbox, rayed bean, sheepnose, and spectaclecase mussels' critical habitat under the Act, the Center's and its members' interests in the mussels are injured. These injuries are actual, concrete injuries presently suffered by Plaintiff's members; are directly caused by Defendants' inaction; and will continue to occur unless this Court grants relief.

18. The relief sought herein—an order compelling the Service to designate critical habitats—would redress these injuries by protecting the snuffbox, rayed bean, sheepnose, and spectaclecase mussels' habitat before it can be further degraded or destroyed, thereby protecting the mussels from extinction so Plaintiff and its members can continue to pursue their educational, scientific, recreational, aesthetic, and spiritual interests in the mussels and their habitats. Plaintiff and its members have no other adequate remedy at law.

19. Defendant Ryan Zinke is the Secretary of the United States Department of the Interior. As Secretary of the Interior, he has the ultimate responsibility to administer and implement the provisions of the Endangered Species Act, including timely designation of critical

habitat, and to comply with all other federal laws applicable to the Department of the Interior. Plaintiff sues Defendant Zinke in his official capacity.

20. Defendant United States Department of the Interior is an agency of the United States charged with administering the Endangered Species Act for most terrestrial and non-marine species like the snuffbox, rayed bean, sheepnose, and spectaclecase mussels.

21. Defendant Jim Kurth is the Deputy Director for Operations and Acting Director of the United States Fish and Wildlife Service. As Deputy Director for Operations and Acting Director, Defendant Kurth is a federal official with responsibility for implementing and enforcing the Endangered Species Act and its joint regulations, including timely designation of critical habitat, and to comply with all other federal laws applicable to the Service. Plaintiff sues Defendant Kurth in his official capacity.

22. Defendant United States Fish and Wildlife Service is a federal agency within the Department of the Interior. The Secretary of the Interior has delegated his authority to administer the Endangered Species Act to the Service for non-marine wildlife. 50 C.F.R. § 402.01(b). This authority encompasses timely compliance with the Endangered Species Act's mandatory deadlines to designate critical habitat.

23. Defendants United States Department of the Interior; United States Fish and Wildlife Service; Ryan Zinke, in his official capacity as Secretary of the United States Department of the Interior; and Jim Kurth, in his official capacity as Deputy Director of Operations and Acting Director of the Service, have waived sovereign immunity in this action pursuant to 16 U.S.C. § 1540(g) (Endangered Species Act) and 5 U.S.C. § 702 (APA).

## STATUTORY AND REGULATORY FRAMEWORK

24. The Endangered Species Act "represent[s] the most comprehensive legislation for

the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). Indeed, "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. Accordingly, the Act's purpose is to "provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

25. To that end, the Endangered Species Act requires the Service to protect imperiled species by listing them as "endangered" or "threatened." *Id.* § 1533(a)(1). A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it is "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

26. Once a species is listed, it receives a host of important protections designed to prevent its extinction and aid its recovery, including one of the most crucial protections—safeguards for its "critical habitat." *Id.* § 1533(a)(3)(A).

27. Critical habitat includes specific areas occupied by the threatened or endangered species with "physical or biological features . . . essential to the conservation of the species and . . . which may require special management considerations or protection," as well as specific areas unoccupied by the species that "are essential for the conservation of the species." *Id.* § 1532(5)(A). "Conservation" of a species means "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the Act] are no longer necessary." *Id.* § 1532(3). Accordingly, critical habitat includes areas that require proper management to ensure a listed species cannot only survive but also recover.

28. Protecting a species' critical habitat is crucial for the protection and recovery of many listed species—particularly those that have become endangered or threatened because of historical and ongoing habitat loss or degradation. For example, Section 7 of the Endangered Species Act requires all federal agencies to ensure their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of their remaining "critical habitat." *Id.* § 1536(a)(2).

29. To ensure species at risk of extinction receive these essential habitat protections in a timely manner, Congress prioritized designating critical habitat. *Id.* § 1533(a)(3), (b)(6); *see also id.* § 1531(b) (statutory directive to "provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved"). The Service is required, "to the maximum extent prudent and determinable," to designate critical habitat for a species "concurrently with making a determination" that it is endangered or threatened," *id.* § 1533(a)(3)(A), (b)(6)(C), and within one year of issuing a rule proposing critical habitat, *id.*

§ 1533(b)(6)(A)(ii). The critical habitat designation must be based on "the best scientific data available." 16 U.S.C. § 1533(b)(2).

30. Designation of critical habitat is not determinable when "[d]ata sufficient to perform required analyses are lacking; or . . . [t]he biological needs of the species are not sufficiently well known to identify any area that meets the definition of 'critical habitat.'" 50 C.F.R. § 424.12(a)(2).

31. If the Service finds it is not prudent to designate critical habitat or that critical habitat is not determinable, it must "state the reasons for not designating critical habitat in the publication of proposed and final rules listing a species." 50 C.F.R. § 424.12(a).

32. If critical habitat is "not . . . determinable" at this mandatory decision point, the Service may extend the deadline to designate critical habitat by "no more than one additional year," at which point it must publish a final regulation "based on such data as may be available at the time." *Id.* § 1533(b)(6)(C)(ii).

33. The Endangered Species Act does not safeguard a species' critical habitat until the Service designates it. Accordingly, it is essential that the Service dutifully follow the Act's procedures and deadlines to ensure it designates critical habitat in a timely manner.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

34. The snuffbox, pictured below, is a triangle-shaped freshwater mussel reaching up to 2.8 inches in length, usually found in small creeks with swift currents, although it can also be found in Lake Erie and larger rivers. Development, accelerated sedimentation, poor water quality, non-native species, and dams, which block the currents to which snuffbox mussels are adapted, have reduced the snuffbox's range from 210 streams to 79 streams across the Midwest, Southeast, and Ontario. As part of its reproductive cycle, it latches onto a host fish's head to

release its microscopic offspring into the fish's gills, where they mature into juvenile mussels before dropping off.



35.     The rayed bean, pictured below, is usually less than 1.5 inches long, with a smooth shell with dark green wavy lines. Development, accelerated sedimentation, poor water quality, non-native species, and dams have reduced the number of historically occupied streams and lakes by 73 percent. The mussel is now only found in one lake and 31 streams in Indiana, Michigan, New York, Ohio, Pennsylvania, Tennessee, West Virginia, and Ontario, Canada.



36.     The sheepnose, pictured below, grows to about 5 inches in length. Due to its thick shell, it is thought to live longer than other mussel species, but exact age information is unknown. It lives in larger rivers and streams like those in the Mississippi River watershed across the Midwest and Southeast, but due to impoundment, is no longer found in two-thirds of its total historic streams.



37.     The spectaclecase, pictured below, is a large mussel, growing up to 9 inches in length with an often elongated and curved shell, hence its name. The oldest documented individual is thought to be 70 years old. The spectaclecase historically was found in at least 44 streams, but is today only found in 20 streams in Alabama, Arkansas, Illinois, Iowa, Kentucky, Minnesota, Missouri, Tennessee, Virginia, West Virginia, and Wisconsin.



38.     On November 2, 2010, the Service published a proposed rule to list the snuffbox and rayed bean mussels as endangered throughout their ranges due to extreme habitat loss and fragmentation, but did not propose critical habitat at that time as it ordinarily does, instead asserting that critical habitat was not determinable. 75 Fed. Reg. 67552, 67582 (Nov. 2, 2010). On February 14, 2012, the Service issued a final rule listing the snuffbox and rayed bean mussels as endangered under the Act, but did not designate critical habitat, maintaining that critical

habitat was not determinable, despite knowing the mussels exist in the Upper and Lower Great Lakes sub-basins, Ohio River system, Tennessee River system, and the Upper and Lower Mississippi River sub-basins, and prefer sand or gravel substrates in headwater creeks and shoals and wave-washed areas of lakes. 77 Fed. Reg. 8632, 8664 (Feb. 14, 2012). To date, the Service has not designated critical habitat for the snuffbox and rayed bean mussels.

39. Having proposed listing on November 2, 2010, and having alleged that critical habitat was not determinable when it listed the snuffbox and rayed bean mussels on February 14, 2012, the Service was statutorily required to designate critical habitat on or before November 2, 2012; yet, the Service did not designate critical habitat at that time and still has not done so. The Service concedes it has not designated critical habitat and has no imminent plans to do so. *See Exhibit B*. Consequently, the Service is in violation of the Endangered Species Act.

40. On January 19, 2011, the Service published a proposed rule to list the sheepnose and spectaclecase mussels as endangered throughout their ranges due to extreme habitat loss and fragmentation, but did not propose critical habitat, instead asserting that designation was not determinable. 76 Fed. Reg. 3391, 3418 (Jan. 19, 2011). On March 13, 2012, the Service issued a final rule listing the sheepnose and spectaclecase mussels as endangered under the Act, but still did not designate critical habitat maintaining that critical habitat was not determinable, despite knowing the mussels exist in the Upper and Lower Mississippi River systems, Ohio River system, Tennessee River system, and the Lower Missouri River system and need stable substrate within medium to large rivers to survive. 77 Fed. Reg. 14914, 14948 (Mar. 13, 2012). To date, the Service has not designated critical habitat for the snuffbox and rayed bean mussels.

41. Having proposed listing on January 19, 2011, and having alleged that critical habitat was not determinable when it listed the sheepnose and spectaclecase mussels on March

13

13, 2012, the Service was statutorily required to designate critical habitat on or before January 11, 2013; yet, the Service did not designate critical habitat at that time and still has not done so. The Service concedes it has not designated critical habitat and has no imminent plans to do so. *See Exhibit B*. Consequently, the Service is in violation of the Endangered Species Act.

## PLAINTIFF'S CLAIM FOR RELIEF

Violation of the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B)
Failure to Designate Critical Habitat for the Snuffbox, Rayed bean, Sheepnose, and Spectaclecase Mussels.

42. The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

43. The Endangered Species Act required Defendants to designate critical habitat for the snuffbox, rayed bean, sheepnose, and spectaclecase mussels concurrently with its decisions to list the species as endangered, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C), and within one year of proposing critical habitat, *id.* § (b)(6)(A)(ii), unless it found critical habitat was not determinable, in which case Defendants had one additional year from the time of the proposed listing to designate critical habitat based on such data as may be available at the time, *id.* § (b)(6)(C)(ii). At the time of listing, Defendants asserted critical habitat was not determinable; however, Defendants did not designate critical habitats within the additional year provided by the Act using data available at the time, and have still not designated critical habitat. The Service admits it has not designated critical habitat and does not have imminent plans to do so, *see Exhibit B*, and thus is in violation of the Act's express statutory command to timely designate critical habitat.

44. The Center and its members are injured by the Service's failure to designate critical habitat, violating Congress's mandate in the Endangered Species Act that the Service

designate critical habitat concurrently with listing a species and no more than one year after proposing critical habitat.

45. The APA requires that the reviewing court "shall" interpret statutes and "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

46. The Service's failure to designate critical habitat for the snuffbox, rayed bean, sheepnose, and spectaclecase mussels violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a Judgment for Plaintiff providing the following relief:

(1) Declare that Defendants violated the Endangered Species Act and APA by failing designate critical habitat for the snuffbox, rayed bean, sheepnose, and spectaclecase mussels;

(2) Order Defendants to designate, by dates certain, final critical habitats for the snuffbox, rayed bean, sheepnose, and spectaclecase mussels under the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A);

(3) Grant Plaintiff its reasonable attorneys' fees and costs in this action, as provided by the Endangered Species Act, 16 U.S.C. § 1540(g)(4), or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(4) Provide such other relief as the Court deems just and proper.

DATED: July 2, 2018

Respectfully submitted,

*/s/ Rachael Curran*
Rachael Curran
Pro hac vice pending
Jaclyn M. Lopez
Fla. Bar No. 96445/*Admitted D.D.C. 01/08/2018, Bar ID: pending*
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 537-0802
Fax: (520) 623-9797
rcurran@biologicaldiversity.org
jlopez@biologicaldiversity.org

*Attorneys for Plaintiff*