**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,

    *Plaintiff*,

v.

DAVID BERNHARDT et al.,

    *Defendants*.

Case No. 1:18-cv-1568-TNM

## STIPULATED SETTLEMENT AGREEMENT AND ORDER

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity and Defendants David Bernhardt, in his official capacity as Secretary of the U.S. Department of the Interior, the U.S. Department of the Interior, Jim Kurth, in his official capacity as Deputy Director for Operations of the U.S. Fish and Wildlife Service ("Service"), Margaret Everson in her official capacity as Acting Director of the Service, and the Service (collectively, "parties"), who, by and through their undersigned counsel, state as follows:

WHEREAS, the Service listed the snuffbox (*Epioblasma triquetra*), rayed bean (*Villosa fabalis*), sheepnose (*Plethobasus cyphyus)*, and spectaclecase (*Cumberlandia monodonta*) mussels (collectively, "mussels") as endangered species under the Endangered Species Act, 16 U.S.C. §§ 1531-1544, ("ESA") in 2012.  77 Fed. Reg. 8632 (Feb. 14, 2012); 77 Fed. Reg. 14914 (March 13, 2012);

WHEREAS, at the time of listing the mussels as endangered species, the Service concluded that critical habitat for the mussels was "not determinable."  77 Fed. Reg. 8664; 77 Fed. Reg. 14948;

*Stipulated Settlement Agreement*        1
*Center for Biological Diversity v. Bernhardt*, 1:18-cv-1568-TNM

WHEREAS, the Service has not yet designated critical habitat for the mussels;

WHEREAS, on July 2, 2018, Plaintiff filed the above-captioned action to compel the Service to issue proposed and final critical habitat rules for the mussels by dates certain;

WHEREAS, the parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the parties desire to resolve Plaintiff's claims according to the terms set forth below, and thus hereby stipulate and agree as follows:

1.      No later than November 30, 2024, the Service shall submit to the *Federal Register* for publication a determination concerning the designation of critical habitat for the mussels;

2.      If the determination in Paragraph 1 is in the form of a proposed rule, the Service shall submit to the *Federal Register* for publication a final determination concerning the designation of critical habitat for the mussels no later than November 30, 2025;

3.      The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1 or 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification.  The parties agree that they will meet and confer (either telephonically

or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4.      In the event that Defendants fail to meet the deadlines in Paragraphs 1 or 2 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5.      This Agreement requires only that Defendants take the actions specified in Paragraphs 1 and 2.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraphs 1 and 2 of the Agreement.  To challenge any final determination issued pursuant to Paragraph 2, Plaintiff must file a separate action.  Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6.      No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making a determination regarding critical habitat for any listed species.

7.      Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law

concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8.      Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

9.      The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning the Complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

11.     The terms of this Agreement shall become effective upon entry of an Order by the

Court ratifying the Agreement.

12.     Plaintiff reserves its right to request reasonable fees from Defendants and Defendants reserve their right to contest Plaintiff's entitlement to recover fees in this case and to the amount of any such fees, and do not waive any objection or defenses they may have to Plaintiff's fee request.

13.     Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated June 4, 2019

Respectfully submitted,

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

*/s/ Sarah J. Sheffield*
SARAH J. SHEFFIELD
Trial Attorney HI Bar Number 10415
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC  20044-7611
Telephone:     202.305.0211
Facsimile:     202.305.0275

*Attorneys for Defendants*

_/s/ Rachael Curran_

Rachael Curran, *Pro hac vice*
Jaclyn M. Lopez
FL0017
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 537-0802
Fax: (520) 623-9797
rcurran@biologicaldiversity.org
jlopez@biologicaldiversity.org

*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

**Dated:** _____       **Signed by:**       _____

**Hon. Trevor N. McFadden**
**United States District Judge**